**CT Corporation**

**Service of Process Transmittal**
12/06/2013
CT Log Number 524014901

**TO:** Renee M Dusek
Westfield Group
One Park Circle
Westfield Center, OH 44251

**RE:** **Process Served in Georgia**

**FOR:** Westfield Insurance Company (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Hight Investments, LLC, etc. and Steve Hight, Pltfs. vs. Westfield Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Order, Motion, Summons, Verified Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Carroll County State Court, GA<br>Case # 13S00872 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits - Seeking $87,732.61 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/06/2013 at 14:54 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Jon Greer<br>Greer Jackson Tisinger, LLC<br>210 South Street<br>Carrollton, GA 30117<br>770-836-8327 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 797344518027 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tyeasha Harris |
| **ADDRESS:** | 1201 Peachtree Street,N.E.<br>Suite 1240<br>Atlanta, GA 30361 |
| **TELEPHONE:** | 404-965-3840 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE STATE COURT OF CARROLL COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| HIGHT INVESTMENTS, LLC dba | * | |
| JOHNNY ON THE SPOT AND | * | |
| STEVE HIGHT, | * | |
| *Plaintiffs,* | * | CIVIL ACTION |
| | * | |
| vs. | * | FILE NO.: 13-5-00872 |
| | * | |
| WESTFIELD INSURANCE | * | |
| COMPANY, | * | |
| *Defendant.* | * | |

FILED
GA. CARROLL COUNTY
CLERK STATE COURT
2013 DEC -5  PM 2: 25
CLERK STATE COURT
CARROLL COUNTY GEORGIA

## ORDER

It appearing that service upon the DEFENDANT WESTFIELD INSURANCE COMPANY in the above matter can best be made by an appointed process server, and that such service is proper under O.C.G.A. § 9-11-4, it is:

ORDERED:  That SHERRIE DUKE, a private investigator licensed through the State of Georgia, License #: PDSG043173 (842 Joe Cook Road, Franklin, Georgia 30217; telephone (770)854-7797), citizen of the United States, is hereby appointed and authorized to make service upon the Defendant in the above matter, that she make such service, and that the said SHERRIE DUKE make a return affidavit to this court in accordance with O.C.G.A. § 9-11-4(h) with regard to her actions.

This __5__ day of December, 2013.

_____
Robert H. Sullivan, Judge
Carroll County State Court

PREPARED BY:

BY: _____
Jon Greer
GREER JACKSON TISINGER, LLC
Attorney for Plaintiffs
Georgia Bar No.  387190
210 South Street
Carrollton, Georgia  30117
jon@greerjacksonlaw.com

## IN THE STATE COURT OF CARROLL COUNTY
## STATE OF GEORGIA

HIGHT INVESTMENTS, LLC dba   *
JOHNNY ON THE SPOT AND   *
STEVE HIGHT,   *
    *Plaintiffs,*   *
  *
vs.   *
  *
WESTFIELD INSURANCE   *
COMPANY,   *
    *Defendant.*   *

**CIVIL ACTION**

**FILE NO.:** 13-5-00872

FILED
GA. CARROLL COUNTY
CLERK STATE COURT
2013 DEC -5  PM 1:41
CLERK STATE COURT
CARROLL COUNTY GEORGIA

---

### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiff files this Motion pursuant to O.C.G.A. § 9-11-4 and moves the Court for an Order authorizing SHERRIE DUKE, who is an adult citizen of the United States that has no interest in this matter, to serve a copy of the pleadings in this case on the Defendant Westfield Insurance Company through its Registered Agent, CT Corporation System, and shows the Court as follows:

1.

There is insufficient time to request that Defendant acknowledge service of this Complaint and no reason to believe that Defendant would acknowledge service.

2.

Plaintiffs now need to hire a special process server to serve this Complaint.

3.

The contact information for Sherri Duke is as follows:  842 Joe Cook Road, Franklin, Georgia 30217; (770)854-7797.

4.

Sherri Duke is currently licensed through the State of Georgia as a private investigator, license number PDSG043173.

Respectfully submitted this _5th_ of December, 2013.

GREER JACKSON TISINGER, LLC

By: _____
Jon Greer
Georgia Bar No. 107106
**Counsel for Plaintiffs**

210 South Street
Carrollton, Georgia  30117
Phone: (770) 836-8327
Fax:    (770) 838-9756
jon@greerjacksonlaw.com

## IN THE STATE COURT OF CARROLL COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| HIGHT INVESTMENTS, LLC dba | * | |
| JOHNNY ON THE SPOT AND | * | |
| STEVE HIGHT, | * | |
| *Plaintiffs,* | * | **CIVIL ACTION** |
| | * | |
| **vs.** | * | **FILE NO.:** *13-5-00872* |
| | * | |
| WESTFIELD INSURANCE | * | |
| COMPANY, | * | |
| *Defendant.* | * | |

---

## SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

Thomas E. Greer, Esq.
Jon Greer, Esq.
GREER JACKSON TISINGER, LLC
210 South Street
Carrollton, Georgia   30117

an answer to the Complaint, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This _____5_____ day of December, 2013.

Clerk, Carroll County State Court

By: _____



## IN THE STATE COURT OF CARROLL COUNTY
## STATE OF GEORGIA

HIGHT INVESTMENTS, LLC dba    *
JOHNNY ON THE SPOT AND    *
STEVE HIGHT,    *
    *Plaintiffs,*    *
   *    **CIVIL ACTION**
   *
vs.    *    **FILE NO.:** 13-5-00870
   *
WESTFIELD INSURANCE    *
COMPANY,    *
    *Defendant.*    *

---

### VERIFIED COMPLAINT

COME NOW the Plaintiffs Hight Investments, LLC dba Johnny on the Spot and

Steve Hight (hereinafter referred to as "Plaintiffs") and file this their Complaint against

Westfield Insurance Company (hereinafter referred to as "Defendant") and support the

Complaint as follows:

<u>COUNT I</u>

1.

Plaintiffs are residents of Carroll County, Georgia and were residents of Carroll

County, Georgia at all times relevant to this action. Plaintiff Steve Hight is the sole

shareholder of Hight Investments, LLC dba Johnny on the Spot.

2.

The Defendant insurance company is a foreign corporation registered to do

business and doing business in the State of Georgia. The Defendant's registered agent

for purpose of service is CT Corporation System, 1201 Peachtree Street, N.E., Atlanta,

---

*Hight Investments, LLC dba Johnny on the Spot and Steve Hight v. Westfield Insurance Company*
Complaint      Page 1
(State Court of Carroll County)

Georgia 30361. Service has been perfected on the Defendant by service on its registered agent as identified herein.

3.

This Court has subject matter jurisdiction over this action since it is a claim for damages for vandalism and theft to a commercial entity under a policy or policies issued by the Defendant to the Plaintiffs.

4.

Defendant is subject to the venue of this Court under the provisions of O.C.G.A. § 33-4-1(4) in that this is a claim against an insurer which under the code section cited above may be brought in any county where the person or entity entitled to the proceeds of an insurance contract maintains its legal residence. Under the code section cited above, the Defendant is deemed to be a resident of Carroll County, Georgia and therefore subject to the venue of this Court.

5.

The Defendant issued a policy or policies providing coverage to Plaintiffs including, but not limited to, physical loss or damage by theft or vandalism to Plaintiffs' building and contents including, but not limited to, machinery, equipment, personal property, appliances for refrigeration, furniture, fixtures, stock and all personal property used in Plaintiffs' business.

6.

Plaintiffs were extended coverage by the Defendant under Policy CWT 3 695 631 and possibly other policies as yet not disclosed by the Defendant.

7.

On December 9, 2011, the insured building was vandalized with substantial damage to the building and the theft of personal property and attachments to the real property.

8.

The Defendant was placed on notice of the above-referenced theft and vandalism and Plaintiffs have complied with all conditions precedent to the bringing of this action.

9.

While the Defendant has stonewalled the compensation called for by the policy, the Defendant has never denied coverage or responsibility for the damage and loss sustained by the Plaintiffs.

10.

A partial payment made by Defendant to Plaintiffs was not itself made in compliance with the policy and the partial payment was grossly inadequate to compensate Plaintiffs for losses and damage sustained.

11.

Therefore, Plaintiffs bring this action for actual and consequential damages for breach of the insurance contract, unjust enrichment, money had and received, fraud and punitive damages.

<u>COUNT II – BREACH OF CONTRACT</u>

12.

Plaintiffs incorporate by reference paragraphs 1 through 11 of Count I above as fully as if set forth in this Count II.

13.

The policy issued to Plaintiffs purports to be a "replacement cost" policy on the Declarations Page and the premium charged for the policy was a premium for replacement cost coverage. (See Exhibit A)

14.

However, despite repeated demands the Defendant has steadfastly refused to treat the policy as a true replacement cost policy.

15.

In reality the terms and provisions of the policy are rife with contradictions purporting to offer replacement cost coverage in one place and taking it away in others repeatedly.

16.

By way of example, the policy purports to cover permanently installed machinery and equipment and several pages later limits its coverage for these items to actual cash value even when "attached to the building."

17.

The policy purports to be a replacement cost policy but has a fixed limit for replacing the business property at $80,000.00 with no inflation factor which is inherently contradictory to the concept of replacement cost coverage.

18.

Next, this "replacement cost policy" ultimately provides that it will only pay replacement cost coverage in the event the lost or damaged property is "actually repaired

or replaced, and this must be done "as soon as reasonably possible after the loss or damage."

19.

This language completely eviscerates the representation that this is a replacement cost policy by placing insureds in general and these Plaintiffs in particular in a "catch twenty-two," and renders the characterization of the policy as a "replacement cost policy" an intentionally misleading illusion.

20.

Plaintiffs had and have every intention of replacing the lost and damaged property and resuming their business operation. However, the only way they can afford to accomplish this is if the Defendant honors its replacement cost obligation.

21.

Instead, with a flawed estimate, the Defendant concedes that the total replacement cost of the lost or damaged property to Plaintiffs would be $67,529.00. However, Defendant to-date has only been willing to pay Plaintiffs the "actual cash value" or $24,364.50, taking the position that Plaintiffs can claim the additional $43,164.50 only if the damaged and stolen property is actually repaired or replaced. (See Exhibits B and C)

22.

In the first instance the estimates used by Defendant to establish actual cash value and total replacement cost value were flawed in that the individuals sent by the Defendant to Plaintiffs' property for purposes of making these appraisals advised the Plaintiffs upon arrival that they were not qualified to value commercial property.

23.

Secondly and more importantly, Plaintiffs had to use the "actual cash value" payment of $24,364.50 to make repairs to the building necessary to render the property insurable since Defendant not only refused to provide replacement cost coverage, but canceled the Plaintiffs' policy.  (See Exhibit D)

24.

Meanwhile, Plaintiffs have been unable to operate their business and unable to secure repairs to the major refrigeration units utilized in their business which are incurring storage costs because the only way Plaintiffs can replace or repair this property is by receipt of the coverage to which they were entitled and for which they paid, payment which Defendant has steadfastly refused to make.

25.

Lastly, to characterize this policy as a "replacement cost policy" becomes an absolute travesty in view of Plaintiffs' language on page 15 of the its Commercial Property Conditions where Defendant provides it will pay the lower of replacement cost, or the limit of insurance applicable to the lost or damaged property.  In short, by calling the policy a "replacement cost policy" yet limiting its coverage to the lower of its fixed limit or the cost of replacement Defendant further eliminates any pretense of this policy as an actual replacement cost policy.

26.

Therefore, Plaintiffs bring this action seeking recovery for the actual replacement cost of Plaintiffs' lost and damaged property based on Defendant's breach of the insurance contract.

## COUNT III – CLAIM IN EQUITY FOR THE MONEY HAD AND RECEIVED

### 27.

Plaintiffs incorporate by reference paragraphs 1 through 26 of Counts I and II above as fully as if set forth in this Count III.

### 28.

The manner in which this Defendant has constructed and applied coverage under this policy renders this contract unconscionable, violative of public policy and allows the Defendant to unjustly enrich itself by retaining coverage proceeds to which Plaintiffs are clearly entitled.

### 29.

This conduct by the Defendant entitles Plaintiffs to recover from Defendant under the equitable theory of money had and received, a long recognized theory in equity which provides an action for money had and received which lawfully belongs to Plaintiff and which in equity and good conscience the Defendant has no right to retain.  (See O.C.G.A. § 9-2-7 Annotated)

### 30.

The net effect of the manner in which Defendant construes and applies this policy is to intentionally force its insureds in general, and these Plaintiffs in particular, to accept what Defendant calls "actual cash value" when Plaintiffs purchased "replacement cost coverage" by holding the money due Plaintiffs hostage until the repairs are actually made, or property is replaced.  In both law and equity, if the policy is a "replacement cost policy" Plaintiffs are entitled to the cost of replacement even if they elected not to repair or replace the property.

## COUNT IV – FRAUD

### 31.

Plaintiffs incorporate by reference paragraphs 1 through 30 of Counts I through III above as fully as if set forth in this Count IV.

### 32.

The vague, contradictory, adhesive and unconscionable manner in which Defendant has constructed and applied this policy was done willfully and intentionally and constitutes fraud.

### 33.

Specifically, this Defendant falsely represented to the Plaintiffs that the policy being purchased by them was a replacement cost policy and in fact charged the Plaintiffs a premium for replacement cost coverage. (See Exhibit A)  The false representations and premise of this policy include, but are not limited to, the following:

(a)  Identifying the policy as "replacement cost policy" on the Declarations Page, but capping the limit of recovery at $80,000.00 (a fixed amount) which is inherently inconsistent with the concept of replacement cost coverage;

(b)  Labeling the policy a "replacement cost policy" and yet throughout the policy randomly limiting coverage for certain items to "actual cash value";

(c)  Representing and selling the policy as a "replacement cost policy" but refusing to pay the actual replacement cost until replacements are actually made rendering the phrase "replacement cost" illusory since most insureds in general, and these Plaintiffs in particular, are totally unable to make the

necessary repairs and replacements without replacement cost payments inherent in the concept of replacement cost coverage. Plaintiffs' position was severely aggravated by the necessity of using the absurdly inadequate "actual cash value" payment to make repairs to the building sufficient to allow the Plaintiffs to obtain new coverage since their coverage was cancelled by the Defendant, again, willfully and intentionally, and with full knowledge of the consequences that would ensue the Plaintiffs;

(d)   Under the Contractor's Property portion of the coverage recovery is limited to the lower of the fixed limit or the cost of replacement which is again inherently contradictory to the concept of replacement value; and

(e)   Under the Inland Marine coverage the policy restricts coverage to the lower of replacement cost coverage or the actual cash value of the property, which would of course always be the actual cash value of the property. Again, this perpetuates the fraudulent illusion of replacement cost coverage knowingly and intentionally with full knowledge of the consequences that would ensue.

34.

The Plaintiffs reasonably relied on Defendant's representations made both on the Declarations Page and by Defendant's agents that the coverage being afforded them and for which they paid was replacement cost coverage.

35.

The misrepresentations made by the Defendant with regard to the nature of this coverage were made with intent to deceive and with the intent to induce the Plaintiffs and other insureds to rely on those misrepresentations.

36.

As a result of Plaintiffs' reliance on Defendant's misrepresentations regarding the nature of this coverage, Plaintiffs have sustained the losses outlined herein and are entitled to recover from the Defendant actual damages, consequential damages and punitive damages.

## COUNT V – ACTUAL AND CONSEQUENTIAL DAMAGES

37.

Plaintiffs incorporate by reference paragraphs 1 through 36 of Counts I through IV above as fully as if set forth in this Count V.

38.

Plaintiffs are entitled to recover actual damages from the Defendant in the amount of $73,732.61. This figure represents the actual replacement cost of items for which the Defendant has steadfastly refused to make any payment and for which the Defendant was provided estimates. These items are itemized on Exhibit E which is attached hereto and incorporated herein and are identified under the heading of "What Has Not Been Done," itemizing "Business Personal Property" and "Building Costs" not paid by the Defendant which are due and owing.

39.

Plaintiffs are entitled to recover additional actual damages.  These amounts are identified on Exhibit E which is attached hereto and incorporated herein under the heading of "What Has Not Been Done Without Estimates."  Plaintiffs' estimate of these costs is $14,000.00.  Specific estimates cannot be provided on these items until the items under "Business Personal Property" and "Building Costs Not Paid" have been made in order that the Plaintiffs can make the actual replacements necessary to secure estimates in the category under the heading of "What Has Not Been Done Without Estimates."

40.

Therefore, Plaintiffs are entitled to recover actual damages from the Defendant in the amount of $87,732.61.

41.

While it is believed that the "actual cash value" paid by the Defendant was based on inaccurate estimates, no additional claim is being made on those items.

42.

As a result of the Defendant's misconduct as set forth in Counts I through IV infra, Plaintiff's have been unable to return to the operation of their business due to the inability to replace or repair the stolen and damaged equipment.  Plaintiff has therefore suffered consequential damages in the form of lost income in the amount of $19,000.00, and that number is increasing.

## COUNT VI – PUNITIVE DAMAGES

43.

Plaintiffs incorporate by reference paragraphs 1 through 42 of Counts I through V above as fully as if set forth in this Count VI.

44.

All the Defendant's actions individually and/or collectively as described herein exhibit willfulness, malice, wantonness and an entire want of care which would raise a presumption of conscience indifference to consequences entitling the Plaintiffs to recover punitive damages in accordance with O.C.G.A. § 51-12-5.1 to punish, penalize and deter this Defendant from future similar conduct.

WHEREFORE, Plaintiffs pray as follows:

(a)     That Plaintiffs have a trial by jury as to all issues raised in Plaintiffs' Complaint;

(b)     That Plaintiffs be awarded actual damages in the amount of $87,732.61;

(c)     That Plaintiffs be awarded consequential damages in the amount of $19,000.00, or such amount of lost income as it exists at the time of trial;

(d)     That Plaintiffs be awarded punitive damages consistent with the enlightened conscience of an impartial jury;

(e)     Such other and further relief as this Court may deem just and proper.

GREER JACKSON TISINGER, LLC

By: _____
    Thomas E. Greer
    Georgia Bar No. 309450
    Jon Greer
    Georgia Bar No. 107106
    **Counsel for Plaintiffs**

210 South Street
Carrollton, Georgia  30117
Phone: (770) 836-8327
Fax:    (770) 838-9756
jon@greerjacksonlaw.com
tommy@greerjacksonlaw.com

# EXHIBIT A

*Hight Investments, LLC dba Johnny on the Spot and Steve Hight v. Westfield Insurance Company*
Complaint
(State Court of Carroll County)

32



# WESTFIELD INSURANCE

Sharing Knowledge. Building Trust.®

**RENEWAL**
**COMMERCIAL PROPERTY DECLARATIONS**

| COMPANY PROVIDING COVERAGE | WESTFIELD INSURANCE COMPANY | | |
|---|---|---|---|

| NAMED INSURED AND MAILING ADDRESS | AGENCY | 10-01205 | PROD. | 000 |
|---|---|---|---|---|

HIGHT INVESTMENTS, LLC.
DBA JOHNNY ON THE SPOT
P.O. BOX 2629
CARROLLTON GA  30117

CARROLL REALTY & INS CO INC
P.O. BOX 278
CARROLLTON GA 30112-0005
TELEPHONE 770-832-2461

**Policy Number:** CWP 3 695 631        |11|

| Policy Period | From 05/23/11 To 05/23/12 | at 12:01 A.M. Standard Time at your mailing address shown above. |
|---|---|---|

**DESCRIPTION OF PREMISES**

| Loc Bldg  Address, City & State | Construction | Occupancy |
|---|---|---|
| 002 001 413 PRICE CREEK ROAD        BREMEN, GA 30110 | Joisted Masonry | STORAGE |

**COVERAGES PROVIDED** - Insurance at the described premises applies only for coverages for which a limit of insurance is shown. OPTIONAL COVERAGES applicable only when entries are made in the schedules below:

| Loc Bldg | Coverage | Coins | Infl. Guard | Repl. Cost | Cause of Loss Form | Limit of Insurance |
|---|---|---|---|---|---|---|
| 002 001 | Building | 90% | N/A | Yes | Special | $  274,000 |
| 002 001 | Business Personal Property | 90% | N/A | Yes | Special | $   80,000 |

| Total Advance Annual Property Premium | $  1,514.00 |
|---|---|

| Deductible is | $500 |
|---|---|

**Forms and Endorsements applicable to this coverage part:**
CP0090   0788*, IL0952   0308*, CP7000   0987*, CP0131   1103*, CP0140   0706*,
CP1032   0808*, CP1030   0607*, CP0010   0607*, CP7023   1094*.



MAR 17 2011

CR&I

"YOUR KEYSTONE TO SECURITY"
SINCE 1913

Carroll Realty & Insurance Co., Inc.

# EXHIBIT B

(Tear at Perforation........)          Agency: CARROLL REALTY & INS CO INC
                                       Claim Representative: ( in Smith

Check Number: 5207596   Date Issued: MAY 9, 2012      Amount:    $24,364.50

Insured: HIGHT INVESTMENTS, LLC.        Claim: NR-CWP-3695631    Date of Loss: 12/09/11
  Enclosed is payment for the damaged contents:

BUSINESS PERSONAL PROPERTY

REPLACEMENT COST         $67,529.00
LESS DEPRECIATION         43,164.50
--------------------------------------------
ACTUAL CASH VALUE        $24,364.50


---

### Important Notice Concerning Endorsement Requirements:

This instrument will not be honored unless endorsed by all payees.


HIGHT INVESTMENTS, LLC.
ATTN: STEVE HIGHT
P.O. BOX 2629
CARROLLTON, GA 30117-0000

CD-490-A (6/03)

# EXHIBIT C

# EXHIBIT D



**WESTFIELD**
INSURANCE

*Sharing Knowledge. Building Trust.®*



HIGHT INVESTMENTS, LLC.
ATTN: STEVE HIGHT
P.O. BOX 2629
CARROLLTON, GA 30117

Re: Insured: HIGHT INVESTMENTS, LLC.
Claim No.: WPFCWP-3696631-120911-A
Date of Loss: DECEMBER 09, 2011

Mr. Hight,

This letter is to follow up with you after our telephone conversation last week regarding the above captioned loss for damage to your ice machines occurring on or about 12/09/11.

During our conversation you stated that you have not yet begun repairs and would need to make a down payment to begin repairs on the damaged ice machines involved in this loss. As I explained, we have settled the claim with you for the Actual Cash Value of damages, less the applicable deductible, by issuing payment for $24,364.50 to you on 05/09/12.

The depreciation which was applied is recoverable per the conditions of the Replacement Cost optional coverage in your policy. Among those conditions is the provision that we will not pay on a Replacement Cost basis until repairs or replacement are actually made. Furthermore, those repairs must be completed as soon as reasonably possible.

This means that we are unable to issue any further payments to you at this time as the repairs have not been completed, nor have they been started.

If you choose to have the repairs completed, please submit you final invoice(s) for completed repairs to me for review, in order to determine any depreciation owed.

Please contact me with any questions or concerns at 770-418-2220.

Sincerely,

Glynn Smith

1960 Satellite Boulevard, Suite 3000
Duluth, GA 30097   (770) 418-2200 or 1-800-685-4694
FAX (770) 418-2203  www.westfieldinsurance.com

*Hight Investments, LLC d/b/a Johnny on the Spot and Steve Hight v. Westfield Insurance Company*
Complaint
(State Court of Carroll County)

## NOTICE OF CANCELLATION OR NON-RENEWAL

This Cancellation or non-renewal notice is issued by:

☐ OHIO FARMERS INSURANCE COMPANY

☒ WESTFIELD INSURANCE COMPANY

☐ WESTFIELD NATIONAL INSURANCE COMPANY

**THIS NOTICE MAILED TO:**

| INSURED | HIGHT INVESTMENTS, LLC.<br>DBA JOHNNY ON THE SPOT<br>P.O. BOX 2629<br>CARROLLTON GA  30117 |
|---|---|

A COPY OF THIS NOTICE HAS BEEN MAILED TO ALL PARTIES LISTED HEREIN.

| ISSUING OFFICE | DATE ISSUED | CANCELLATION OR NON-RENEWAL WILL TAKE EFFECT |
|---|---|---|
| WESTFIELD CENTER OH  44251 | MARCH 07, 2012 | With Respect to Insured, Additional Insured or Loss Payee:  MAY 23, 2012 |
| | | With Respect to Mortgagee:  MAY 23, 2012 |

| POLICY OR BOND NO. | TYPE OF CONTRACT | POLICY OR BOND EFFECTIVE DATE | AGENCY |
|---|---|---|---|
| CWP 3 695 631 | COMMERCIAL WESTFIELD | MAY 23, 2011 | CARROLL REALTY & INS CO INC<br>CARROLLTON GA  10-1205 |

Notice is hereby given that the policy or bond designated herein (is hereby cancelled) (will not be renewed) in accordance with its terms, such cancellation or non-renewal to be effective on the date set forth herein, at the hour on which such policy or bond became effective, or at such other hour, if any, specified in the cancellation provisions of such policy or bond.

The unearned premium, if any, computed in accordance with the policy or bond provisions, if not tendered, will be refunded as soon as practicable.

By _____

Authorized Representative

| MORTGAGEE, LOSS PAYEE, OR ADDITIONAL INSURED | COMMUNITY SOUTHERN BANK<br>201 MAPLE STREET<br>CARROLLTON GA  30117 |
|---|---|

**REASON FOR CANCELLATION OR NON-RENEWAL:**

LOSS SEVERITY

| MORTGAGEE, LOSS PAYEE, OR ADDITIONAL INSURED | |
|---|---|

185 GA., ND., SD. (2-96)

**MAIL THIS COPY TO INSURED**

# EXHIBIT E

*Hight Investments, LLC dba Johnny on the Spot and Steve Hight v. Westfield Insurance Company*
Complaint
(State Court of Carroll County)

## What Has Not Been Done

**Business Peronal Property**

| | |
|---|---:|
| Glass Door Ice Merchandisers | 7086.61 |
| Ice One Rebuild Quote | 19170 |
| M9000 Vogt repair | 21625 |
| Used Hamer 125 Bag Tying Machine | 1800 |
| Used 10 Ton Ice Storage Bin | 12500 |
| Storage Cost of Damanged Machines | 1120 |

**Total Buinsess Personal Property  $63,301.61**

**Building Cost Not Paid**

| | |
|---|---:|
| Cooling Unit for Freezers | 9116 |
| Freezer Door | 1315 |

**Total Building Cost Not Paid  $10,431.00**

**Combined Total of  Items  $73,732.61**

**What Has Not Been Done without Estimates**

Rewiring of machine control box not in price, only feeds from panel to control box
Plumbing (water heater, sink, ice machine piping to cooling tower)
Return Shipping of the Ice One & M9000 Vogt
Motors & Spare Parts for equipments
Labor to Install Ice Machines, Coolers, Storage Bin, Plumbing, Rewiring to Machines
Rewiring of security equipment stolen

**Steve's estimate   $14,000.00**

# IN THE STATE COURT OF CARROLL COUNTY
## STATE OF GEORGIA

HIGHT INVESTMENTS, LLC dba       *
JOHNNY ON THE SPOT AND           *
STEVE HIGHT,                     *
    *Plaintiffs,*                 *       **CIVIL ACTION**
                                 *
vs.                              *       **FILE NO.:** 13-5-00872
                                 *
WESTFIELD INSURANCE              *
COMPANY,                         *
    *Defendant.*                  *

---

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized to administer oaths, STEVE HIGHT as sole shareholder of HIGHT INVESTMENTS, LLC dba JOHNNY ON THE SPOT, who deposes and states under oath that he has read this COMPLAINT filed in the above-captioned action, that he has knowledge of the facts contained in the foregoing COMPLAINT and that the facts set forth are true and correct, to the best of his knowledge.

This 5th day of December, 2013.

_____
Steve Hight, As Sole Shareholder
of Hight Investments, LLC dba
Johnny on the Spot

Sworn to and subscribed before me

this 5th day of December, 2013.

_____
Notary Public

*Hight Investments, LLC dba Johnny on the Spot and Steve Hight v. Westfield Insurance Company*
Verification
(State Court of Carroll County)

**IN THE STATE COURT OF CARROLL COUNTY**
**STATE OF GEORGIA**

HIGHT INVESTMENTS, LLC dba     *
JOHNNY ON THE SPOT AND      *
STEVE HIGHT,                 *
      *Plaintiffs,*         *
                       *    **CIVIL ACTION**
                       *
vs.                     *    **FILE NO.:** *13-5-00272*
                       *
WESTFIELD INSURANCE        *
COMPANY,                *
      *Defendant.*         *

*[Filing stamp: FILED GA. CARROLL COUNTY CLERK STATE COURT — 2013 DEC -5 PM 1:43 — CLERK STATE COURT CARROLL COUNTY GEORGIA]*

---

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized to administer oaths, STEVE HIGHT, who deposes and states under oath that he has read this COMPLAINT filed in the above-captioned action, that he has knowledge of the facts contained in the foregoing COMPLAINT and that the facts set forth are true and correct, to the best of his knowledge.

This _5th_ day of December, 2013.

                                 *[signature]*
                                 Steve Hight

Sworn to and subscribed before me

this 5th day of December, 2013.

*[signature]*
Notary Public

*[Notary seal: JEREE HEDGE — MY COMMISSION EXPIRES NOV 17 2015 — CARROLL CO., GEORGIA — NOTARY PUBLIC]*

---

*Hight Investments, LLC dba Johnny on the Spot and Steve Hight v. Westfield Insurance Company*
Verification
(State Court of Carroll County)